7 So.2d 581

## PHILLIPS v. STATE.

### 7 Div. 627.

Court of Appeals of Alabama.
March 24, 1942.

Rehearing Denied April 14, 1942.

Motley & Motley, of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant, defendant in the court below, was charged by indictment with the offense of grand larceny, in that, he feloniously took and carried away a (certain described) watch of the value of $47.50, the personal property of C. F. Cross, Jewelers, a corporation.

The facts, incident to the trial, are stated in brief of the Attorney General, and, as there appears, are as follows: "The evidence tended to show that while appellant was working in a jewelry store in Gadsden, Alabama, the watch described in the indictment was missed or stolen from the store, and exceeded $25 in value; that it was subsequently found after appellant ceased working at the jewelry store, in the possession of a negro named Washington in Gadsden; that said Washington had bought the watch from one Oscar Williams, another negro, who had obtained it from one Harvey Haley (apparently referred to also in the record as Harvey Hale), and a stranger during the night time; that said Haley or Hale had previously been solicited by appellant to purchase a watch resembling the one stolen and described in the indictment, although Haley or Hale denied having purchased the same. That after being arrested appellant told one of the detectives who arrested him that he had stolen the watch and that he got it, with other watches, one at a time when he was sweeping up behind the show case in the jewelry store; that in bending down to pick up trash he could slip the show case window back and reach in there and get them; and that he sold the stolen watch to Harvey Haley."

The above brief statement of facts appears to be sustained by the record.

Upon this appeal the insistences made in behalf of appellant, and relied on to reverse the judgment of conviction, appear to be: (1) That the corpus delicti was not proven; (2) that the alleged confession of the defendant was not shown to be voluntary, hence inadmissible and improperly allowed; (3) that the defendant was entitled to a directed verdict.

This court has carefully read the entire record, and has given attentive consideration to all that was said and done upon the trial below. We are of the opinion in order to accord to the foregoing insistences of defendant, this court would, of necessity, have to disregard, and refuse to consider, practically all of the evidence adduced by the State upon the trial. This of course we cannot do.

■ ■  As to the contention that the corpus delicti was not proven, we find from the undisputed evidence that the alleged injured party missed the identical watch described in the indictment, from its stock, at

and about the time this appellant was working for it, as a servant, or shortly after. The testimony further, without dispute, disclosed that the accused had ample opportunity to take the watch under the circumstances and conditions stated by him in his confession to the officers. While defendant denied making the alleged confession, there was testimony on the trial that he did so confess, and, as stated, we perforce must consider this evidence, in connection with all the other adduced upon the trial, and the jury likewise were under a similar duty. There was positive and direct evidence tending to show that the confession of the defendant was wholly voluntary.

There is no phase of this case as shown by the record which entitled the defendant to a directed verdict. The court properly refused the affirmative charge requested in writing by defendant.

The evidence in the case was in conflict and presented a jury question.

We are clear to the conclusion that said evidence was amply sufficient to authorize and warrant the jury in the verdict rendered, also to support and sustain the judgment of conviction pronounced and entered.

No reversible error appearing in any ruling of the court, and the record proper being also regular and without error apparent thereon, it follows that the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.